Martin, J.
delivered the opinion of the court, *211 The first four questions, having the same object, viz. to ascertain the situation of the bayou, which is given by Piedferme in his deed of sale, to the plaintiffs’ ancestor, as the upper limit of the land sold, may be considered together.
In the description of the land sold, with regard to its contents and situation, the defendant contends that two points only are mentioned; the landing and the bayou. The first is not disputed : nothing seems therefore to remain, but to ascertain the second. It cannot be denied, that the first four questions lead to the discovery of this desideratum, if so they must be pertinent to the issue, and the judge erred, in striking them out.
He assumed it as an uncontroverted fact, that Piedferme had transferred to the plaintiffs’ ancestor, all his right and title to the whole of the land granted, him by the Governor General; and this says the court “ because the deed does not express it as part of his claim, or part of his grant, but generally and without limitation, the claim or grant, which he obtained from the Spanish government.” The price or consideration is taken as conclusive evidence, that he did not purchase the small quantity of land only, which is included within the boundaries described in the deed. The transfer of the pathe pap *212 er title by Piedferme to his vendee, is taken also as conclusive evidence (at least with what precedes) of an intention of parting with the whole land granted.
Admitting the correctness of this mode of reasoning, which we are not prepared to, and which it is unnecessary that we should do, our inquiry will be materially aided, by a knowledge of the situation and relative distance of the only two points, by the aid of which, the vendor and vendee appear to fix the situation and contents of the land sold.
The fifth question appears to be a question of law, which the judge properly withdrew from the jury.
The sixth appears also to have been properly withdrawn, as the object of it was to obtain a general finding of the law and fact, which cannot be asked as a special one.
It may be important, in case the plaintiffs support their allegations, and damages be assessed, that the defendant should shew a bona fide possession, and as the value of his improvements may likewise, with propriety be considered, we therefore think the district judge erred in striking off the seventh question.
The place called fer a cheval, being referred to in the title papers, the defendant ought to be he *213 indulged in the desire which he manifested, of having its situation correctly ascertained.
Baldwin for the plaintiffs, Porter for the defendants.
It is, therefore, ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed, and the cause be remanded for trial, with direction to the district judge, to reinstate and submit to the jury, all the questions of fact striken out, except the fifth and sixth.